[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13858
Non-Argument Calendar
_____

D.C. Docket No. 3:03-cr-00051-LC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN ANTHONY WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 31, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Marvin Williams, a federal prisoner, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750, which reduced the guideline levels applicable to certain crack cocaine offenses.  On appeal, he argues that, even though he was sentenced as a career offender, he is still eligible for relief under Amendment 750 in light of two district court decisions.  Moreover, he has submitted proof of extensive post-conviction activity that he argues should be viewed favorably in considering the purposes of sentencing.  *See* 18 U.S.C. § 3553(a).

We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  A district court may not modify a term of imprisonment unless a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(2).  In addressing whether a defendant is eligible for a sentence reduction, a district court is to consider only the effect of the applicable guideline amendment.  *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000).  Thus, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  *Id.* at 781 (emphasis in original).  Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment 759, makes permanent the

2

temporary emergency Amendment 748, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c) and the drug equivalency tables in U.S.S.G. § 2D1.1, comment. (n.10(D)).  *See* U.S.S.G. App. C, Amend. 750, Reason for Amend.; *id.*, Amend. 759.

In *Moore*, we addressed whether Amendment 706, which similarly reduced the base offense levels for crack cocaine offenses, authorized reductions under § 3582(c)(2) for defendants who had been convicted of crack cocaine offenses, but had been sentenced under the career offender guidelines.  *See Moore*, 541 F.3d at 1325.  We explained that § 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that were subsequently lowered.  *Id.* at 1327.  As Amendment 706 did not lower the career offender offense levels, we concluded that it did not lower the sentencing range upon which a career offender's sentence had been based.  *Id.*  We also explained that the commentary to § 1B1.10 "[made] clear" that a § 3582(c)(2) reduction was not authorized where an amendment lowered a defendant's base offense level for the offense of conviction, but not the career offender sentencing range under which the defendant was sentenced.  *Id.* at 1327-28; *see also* U.S.S.G. § 1B1.10, comment. (n.1(A)).  *Moore* is binding precedent in this circuit.  *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.), *cert. denied*, No. 12-6573 (U.S., Oct. 29, 2012).

On November 14, 2012, we decided *United States v. Berry*, in which we

3

addressed the applicability of Amendment 750 and the Fair Sentencing Act of 2010 ("FSA") in the context of an 18 U.S.C. § 3582(c)(2) proceeding. No. 12-11150, manuscript op. (11th Cir. Nov. 14, 2012). Berry was convicted of a crack cocaine offense and sentenced in 2002, and his initial guideline range was 360 months to life imprisonment, which was based on his status as a career offender under U.S.S.G. § 4B1.1(b), not on the drug quantity tables in § 2D1.1. *Id.* at 3. In addition, because Berry had two prior felony drug convictions, he was subject to a statutory mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A) (2009), such that his guideline sentence became life imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2). *Id.* at 3-4 & n.2. Berry filed a § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 750, and the motion was denied. *Id.* at 3. On appeal, we affirmed, holding that the District Court did not have the authority to grant Berry's § 3582(c)(2) motion because Amendment 750 had no effect on Berry's initial guideline range of 360 months to life imprisonment or his guideline sentence of life imprisonment. *Id.* at 4.

We conclude that the District Court did not err in denying Williams's § 3582(c)(2) motion. Although Amendment 750 would have reduced Williams's initial base offense level under § 2D1.1(c), the District Court sentenced him as a career offender who faced a statutory minimum term of imprisonment because that sentence was required by the guidelines. His base offense level under § 2D1.1,

4

therefore, did not affect the calculation of his guideline sentence range or his guideline sentence of life imprisonment, and thus Amendment 750 did not alter the sentencing range upon which his sentence was based.

AFFIRMED.